UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
XIN LIN XIE, ROCK XU, QI XING WANG,
*individually and on behalf of all other employees similarly situated,*

*Plaintiffs,*

-against-

NEW SUN INTERNATIONAL TRAVEL LLC and WEI RONG MA,

*Defendants.*
-----------------------------------------------------------------X

**Dkt. No.: 16 Civ. 752**

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

OVED & OVED LLP
*Attorneys for Defendants*
401 Greenwich Street
New York, NY 10013
Tel: 212.226.2376
Fax: 212.226.7555

**TABLE OF CONTENTS**


**Page**

TABLE OF AUTHORITIES ........................................................ *ii*

INTRODUCTION ........................................................ 1

SUMMARY OF ARGUMENT ........................................................ 1

FACTS AND PROCEDURAL HISTORY ........................................................ 2

LEGAL STANDARD FOR SUMMARY JUDGMENT ........................................................ 4

ARGUMENT ........................................................ 5

I. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' FIRST CAUSE OF ACTION BECAUSE PLAINTIFFS WERE PAID IN EXCESS OF THE FEDERAL MINIMUM WAGE ........................................................ 5

II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' THIRD CAUSE OF ACTION BECAUSE NEW SUN IS UNDISPUTEDLY EXEMPT FROM THE FLSA'S OVERTIME REQUIREMENTS ........................................................ 8

III. UPON DISMISSAL OF PLAINTIFFS' FLSA CLAIMS, THE COURT SHOULD DISMISS PLAINTIFFS' NYLL CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION ........................................................ 9

CONCLUSION ........................................................ 11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................4, 5

*Bilyou v. Dutchess Beer Distribs., Inc.*,
300 F.3d 217 (2d Cir. 2002)....................10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....................4

*Chaohui Tang v. Wing Keung Enters.*,
14 Civ. 390, 2016 U.S. Dist. LEXIS 90455 (E.D.N.Y. July 11, 2016)....................8

*Chen v. Major League Baseball*,
6 F. Supp. 3d 449 (S.D.N.Y. 2014)....................10

*Krumholz v. Vill. of Northport*,
873 F. Supp. 2d 481 (E.D.N.Y. 2012)....................10

*Kulak v. City of New York*,
88 F.3d 63 (2d Cir. 1996).................... 4-5

*Lopez-Serrano v. Rockmore*,
132 F. Supp. 3d 390 (E.D.N.Y 2015)....................5

*Marcus v. AT&T Corp.*,
138 F.3d 46 (2d Cir. 1997)....................9

*Morris v. McComb*,
332 U.S. 422 (1947)....................9

*NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*,
262 F. Supp. 2d 134 (S.D.N.Y. 2003)....................3

*Serebryakov v. Lokeko Inc.*,
12 Civ. 3990, 2016 U.S. Dist. LEXIS 126569 (E.D.N.Y. Sept. 16, 2016)....................8

*Walden v. Sanitation Salvage Corp.*,
14 Civ. 7759, 2016 U.S. Dist. LEXIS 172488 (.D.N.Y. Dec. 13, 2016)....................10

**Statutes**

F.R.Civ.P. 56....................4

29 U.S.C § 213.....1, 3, 8

29 C.F.R. § 782.....8

49 U.S.C.S § 13102.....9

49 U.S.C.S § 31132.....9

49 U.S.C.S § 31502.....8

49 C.F.R. § 390.....9

Local Civil Rule 56.1.....3

## INTRODUCTION

Defendants New Sun International Travel, Inc. ("New Sun")[1] and Wei Rong Ma (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for an order: (1) granting summary judgment to Defendants on Plaintiffs' first cause of action for unpaid minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207; (2) formally dismissing Plaintiffs' third cause of action for unpaid overtime under the FLSA, 29 U.S.C. §§ 201 *et seq.*; and (3) upon dismissal of Plaintiffs' FLSA claims, dismissing Plaintiffs' remaining causes of action under the New York Labor Law ("NYLL") for lack of subject matter jurisdiction (the "Motion").[2]

## SUMMARY OF ARGUMENT

As detailed in Point I, *infra*, Defendants are entitled to summary judgment dismissing Plaintiffs' first cause of action for unpaid minimum wage under the FLSA because Plaintiffs' own allegations and the documentary evidence undisputedly demonstrate that New Sun paid Plaintiffs in excess of the federal minimum wage throughout the entirety of their employment.

As detailed in Point II, *infra*, Defendants are entitled to summary judgment formally dismissing Plaintiffs' third cause of action for unpaid overtime under the FLSA because, as both the Court and Plaintiffs' counsel agreed on the record during the November 10, 2016 pre-motion conference, New Sun is a "motor carrier" within the meaning of 29 U.S.C § 213(b)(1) and thus, exempt from the overtime requirements of the FLSA.

Finally, as detailed in Point III, *infra*, upon the dismissal of Plaintiffs' FLSA claims, Plaintiffs' remaining causes of action under the NYLL should also be dismissed because

---

[1] Plaintiffs incorrectly identified New Sun as New Sun International Travel LLC. New Sun's correct legal name is New Sun International Travel Inc.

[2] A copy of Plaintiffs' complaint, dated February 12, 2016 ("Complaint" or "Cmpl."), is annexed as **Exhibit A** to the accompanying Declaration Andrew J. Urgenson, Esq. ("Urgenson Decl.").

Plaintiffs' FLSA claims are the Court's sole basis for exercising subject matter jurisdiction over this dispute.

**FACTS AND PROCEDURAL HISTORY**

New Sun is a corporation that operates a commercial bus company, which provides transportation services between and among several states located within the continental United States and Canada for compensation. 56.1 Statement ¶¶ 1, 2; *see also* the accompanying Declaration of Mr. Wei Rong Ma ("Ma Decl.") at ¶ 3.[3] More specifically, New Sun provides passengers transportation to and from New York, New Jersey, Massachusetts, New Hampshire, Vermont, Pennsylvania, Washington, D.C., and Canada. 56.1 Statement ¶¶ 1, 4; Cmpl. ¶ 27; Ma Decl. ¶ 4. Defendant Wei Rong Ma is the President of New Sun. Ma Decl. ¶ 1.

It is undisputed that, at all relevant times, Plaintiffs Xin Lin Xie ("Xie"), Rock Xu ("Xu"), and Qi Xing Wang ("Wang") (collectively, "Plaintiffs") worked for New Sun as "commercial bus drivers," providing services to Defendants in connection with their transportation of passengers for compensation. Cmpl. ¶¶ 18-20; 56.1 Statement ¶ 1; Ma Decl. ¶ 6. Throughout their employment, Plaintiffs operated commercial motor vehicles on the highways between and among several states for the purpose of transporting passengers. 56.1 Statement ¶ 6; Ma Decl. ¶ 7. The vehicles that the Plaintiffs drove were vehicles that had gross weights of at least 10,001 pounds and were designed to accommodate, seat, and/or transport more than eight (8) passengers, including the drivers. 56.1 Statement ¶ 6; Ma Decl. ¶ 8.

Plaintiffs commenced this action on February 12, 2016, alleging that Defendants failed to provide the Plaintiffs with minimum wage and overtime compensation for any hours worked over forty (40) per week. Cmpl. ¶ 2; Urgenson Decl. ¶ 3. In their first and second causes of

[3] Defendants' Statement of Undisputed Facts ("56.1 Statement") served upon Plaintiffs on October 5, 2016 will be referenced as "56.1 Statement ¶ __."

action, respectively, Plaintiffs allege that Defendants' failure to pay the Plaintiffs the minimum wage violated the FLSA and NYLL, respectively. Cmpl. ¶ 57-68. In their third and fourth causes of action, respectively, Plaintiffs allege that Defendants' failure to pay overtime violated the FLSA and NYLL. Cmpl. ¶ 69-78.

On May 10, 2016, Defendants filed their answer to the Complaint (the "Answer"), a copy of which is annexed to the Urgenson Decl. as **Exhibit B**. Urgenson Decl. ¶ 4. In their Answer, Defendants asserted as an affirmative defense that Plaintiffs are exempt from the overtime provisions of the FLSA and NYLL pursuant to the Motor Carrier Act ("MCA") under 29 U.S.C. § 213(b)(1). *Id.* ¶ 5.

On June 21, 2016, pursuant to Fed. R. Civ. P. R. 26(a)(1), Plaintiffs served their initial disclosures (the "Initial Disclosures") upon Defendants, which is annexed to the Urgenson Decl. as **Exhibit C**. Urgenson Decl. ¶ 6.On August 8, 2016, pursuant to the So-Ordered Joint Discovery Plan, Plaintiffs produced their Phase 1 discovery to Defendants. Urgenson Decl. at ¶ 7. Plaintiffs' discovery included various paystubs, which are annexed to the Urgenson Decl. as **Exhibit D**. *Id.* On September 7, 2016, Defendants produced their Phase 1 discovery to Plaintiffs. *Id.* ¶ 8.

In anticipation of filing this Motion, on October 5, 2016, Defendants served upon Plaintiffs their Statement of Undisputed Facts pursuant to Local Rule 56.1. Urgenson Decl. at ¶ 9. Thereafter, Plaintiffs failed to serve upon Defendants a responsive 56.1 Counterstatement, as required by Your Honor's Individual Rule 4(B) and Local Civil Rule 56.1(b).[4] *Id.*

[4] Due to Plaintiffs' failure to serve a responsive 56.1 Counterstatement, all statements contained in Defendants' 56.1 Statement are deemed true and undisputed for the purposes of this motion. *See* Local Civil Rule 56.1(c); *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 139 (S.D.N.Y. 2003) ("[P]laintiffs' failure to respond or contest the facts set forth by defendants in their Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed.") (*citing Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998)).

On October 21, 2016, Defendants filed a request for a pre-motion conference, seeking permission to file this Motion (the "Pre-Motion Letter"). Urgenson Decl. ¶ 10. A copy of the Pre-Motion Letter is annexed to the Urgenson Decl. as **Exhibit E**.

On November 10, 2016, the parties appeared before the Court for a pre-motion conference (the "Pre-Motion Conference").[5] Urgenson Decl. ¶ 11. During the Pre-Motion Conference, Plaintiffs conceded that the Defendants are exempt from the overtime requirements of the FLSA and NYLL pursuant to the MCA exemption to the FLSA.

> The Court: Okay. I mean, it is possible so let's just make it clear, so motor carrier exception we all agree that -- you agree with the defendant that that applies, right?
> Mr. Kim: Correct, Your Honor.

Donnelly Tr.4:10-13. At the Pre-Motion Conference, the Court directed the filing of the instant Motion. Urgenson Decl. ¶ 12.

**LEGAL STANDARD FOR SUMMARY JUDGMENT**

A motion for summary judgment must be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where a moving party initially demonstrates that it is entitled to a judgment as a matter of law, the nonmoving party bears the burden of demonstrating the existence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party cannot meet this burden by merely relying on allegations or denials of the moving party's assertions. *See id.* at 324; *see also* Fed. R. Civ. P. 56(c)(1)(A). Moreover, "conclusory statements, conjecture, or speculation by the party resisting the motion

[5] The transcript from that hearing is annexed to the Urgenson Decl. as **Exhibit F**. All citations herein to this transcript are formatted as "Donnelly Tr.[Page].[Line]."

will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996). Rather, to sustain its burden, the nonmoving party must present sufficient evidence to permit a reasonable jury to return a verdict in its favor. *See Anderson*, 477 U.S. at 248.

## ARGUMENT

### I.

### DEFENDANTS ARE ENTITLED TO SUMMARY JUDGEMENT ON PLAINTIFFS' FIRST CAUSE OF ACTION BECAUSE PLAINTIFFS WERE PAID IN EXCESS OF THE FEDERAL MINIMUM WAGE

Plaintiffs' first cause of action for unpaid minimum wage under the FLSA should be dismissed because Plaintiffs' own admissions and the documentary evidence produced by both Plaintiffs and Defendants undisputedly establish that New Sun paid Plaintiffs above the federal minimum wage for the entirety of their employment.

An employee cannot state a valid claim for minimum wage "unless his average hourly wage falls below the federal minimum wage." *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 402 (E.D.N.Y 2015) (*quoting Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d. Cir. 2013)).

Plaintiff Xie claims to have worked from July 6, 2013 to May 23, 2014. Cmpl. ¶ 19. Plaintiff Xu claims to have worked from April 2013 to October 15, 2015. *Id.* ¶ 20. Plaintiff Wang claims to have worked from September 17, 2014 to February 27, 2015. *Id.* ¶ 21. During the entirety of each Plaintiff's alleged employment, the federal minimum wage was $7.25 an hour. *See* 29 U.S.C. § 206(a)(1).

Plaintiffs tellingly omit from the Complaint any allegation with respect to the number of hours they actually worked for New Sun or the amounts they were actually paid. *See* Cmpl. When required to set forth these amounts in their initial disclosures, the hours that Plaintiffs

alleged to have worked were grossly inflated.[6] Urgenson Decl. at ¶ 6. Yet, even based on Plaintiffs' grossly inflated initial disclosures, attached to the Urgenson Decl. as **Exhibit C**, each of the Plaintiffs allege that they were paid far more than the minimum wage. Ma Decl. ¶ 13. For ease of reference, the hours each Plaintiff allegedly worked, the amounts they claimed to be paid, and the resulting hourly wage rate each Plaintiff allegedly received during the course of their employment with New Sun, as alleged in Plaintiffs' own initial disclosures, are set forth in the charts below.

**Plaintiff Xin Lin Xie**

| Period | Alleged Hours Worked Per Week | Alleged Amount Paid Per Week | Resulting Hourly Rate |
|---|---|---|---|
| 07/07/2013-07/13/2013 | 75 | $795 | $10.60 |
| 07/14/2013-07/20/2013 | 87.5 | $885 | $10.11 |
| 07/21/2013-07/27/2013 | 87.5 | $795 | $9.09 |
| 08/11/2013-08/17/2013 | 62.5 | $770 | $12.32 |
| 08/18/2013-08/24/2013 | 87.5 | $880 | $10.06 |
| 08/25/2013-08/31/2013 | 75 | $680 | $9.07 |
| 09/15/2013-09/21/2013 | 50 | $510 | $10.20 |
| 09/22/2013-09/28/2013 | 87.5 | $995 | $11.37 |
| 09/29/2013-10/05/2013 | 87.5 | $920 | $10.51 |
| 10/06/2013-10/12/2013 | 75 | $855 | $11.40 |
| 10/13/2013-10/19/2013 | 62.5 | $555 | $8.88 |
| 10/20/2013-10/26/2013 | 75 | $950 | $12.67 |
| 10/27/2013-11/02/2013 | 62.5 | $735 | $11.76 |
| 11/17/2013-11/23/2013 | 50 | $510 | $10.20 |
| 12/08/2013-12/14/2013 | 62.5 | $705 | $11.28 |
| 01/26/2014-02/01/2014 | 87.5 | $855 | $9.77 |
| 03/16/2014-03/22/2014 | 50 | $570 | $11.40 |
| 03/20/2014-04/05/2014 | 62.5 | $645 | $10.32 |
| 04/13/2014-04/19/2014 | 87.5 | $1,120 | $12.80 |
| 04/20/2014-04/26/20[4] | 75 | $775 | $10.33 |
| 05/04/2014-05/10/2014 | 75 | $890 | $11.87 |

[6] In another apparent attempt to avoid judicial scrutiny of their inflated claims, Plaintiffs improperly labeled their mandatory initial disclosures as "For Settlement Purposes Only."

**Plaintiff Rock Xu**

| Period | Alleged Hours Worked Per Week | Alleged Amount Paid Per Week | Resulting Hourly Rate |
|---|---|---|---|
| 04/01/2013-03/28/2014 | 70 | $700 | $10.00 |
| 04/06/2014-06/06/2014 | 70 | $700 | $10.00 |
| 06/17/2014-08/23/2014 | 70 | $700 | $10.00 |
| 08/30/2014-11/07/2014 | 70 | $700 | $10.00 |
| 02/03/2015-03/01/2015 | 70 | $700 | $10.00 |
| 03/17/2015-08/05/2015 | 70 | $700 | $10.00 |
| 08/15/2015-08/21/2015 | 70 | $700 | $10.00 |
| 09/19/2015-10/16/2015 | 70 | $700 | $10.00 |

**Plaintiff Qi Xing Wang**

| Period | Alleged Hours Worked Per Week | Alleged Amount Paid Per Week | Resulting Hourly Rate |
|---|---|---|---|
| 09/20/2014-10/10/2014 | 70 | $700 | $10.00 |
| 10/18/2014-10/24/2014 | 70 | $700 | $10.00 |
| 11/22/2014-01/30/2015 | 70 | $700 | $10.00 |
| 02/07/2015-02/27/2015 | 70 | $700 | $10.00 |

Thus, even if Plaintiffs' allegations were true (which they are not), Plaintiffs were paid far above the federal minimum wage of $7.25 per hour during the entirety of their employment with New Sun. Ma Decl. ¶ 13. Plaintiffs' federal minimum wage claim should be dismissed for this reason alone.

In addition, Plaintiffs' federal minimum wage claim also fails as a matter of law because the paystubs produced by both Defendants and Plaintiffs in this action, which undisputedly reflect the amounts paid to Plaintiffs during each period of their alleged employment, also establish that Plaintiffs were paid above the federal minimum wage. *Compare* the paystubs produced by Plaintiffs, attached to the Urgenson Decl. as **Exhibit D.**, *with* the identical, but more complete set of paystubs produced by Defendants, attached to the Ma Decl. as **Exhibit A**. Indeed, these paystubs show that Plaintiffs were paid a $12 per hour regular rate and an $18 overtime rate. Ma Decl. ¶ 12. Plaintiffs' first cause of action should be dismissed for this reason as well.

## II.

## DEFENDANTS ARE ENTITLED TO SUMMARY JUDGEMENT ON PLAINTIFFS' THIRD CAUSE OF ACTION BECAUSE NEW SUN IS UNDISPUTEDLY EXEMPT FROM THE FLSA'S OVERTIME REQUIREMENTS

Plaintiffs' third cause of action for overtime compensation must be dismissed because New Sun is a "motor carrier" within the meaning of 29 U.S.C § 213(b)(1) and thus, exempt from the overtime requirements of the FLSA. 29 U.S.C § 213(b)(1) provides an exemption from the overtime requirements of the FLSA for any employee:

> to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935 [49 USCS § 31502].

*See also Chaohui Tang v. Wing Keung Enters.*, 14 Civ. 390, 2016 U.S. Dist. LEXIS 90455, *7, (E.D.N.Y. July 11, 2016).

Here, as noted above, Plaintiffs have already conceded, and the Court agreed, at the Pre-Motion Conference that Defendants fall within the MCA exemption:

> The Court: Okay. I mean, it is possible so let's just make it clear, so motor carrier exception we all agree that -- you agree with the defendant that that applies, right?
> Mr. Kim: Correct, Your Honor.

Donnelly Tr. 4:10-13. Accordingly, Plaintiffs' third cause of action should be formally dismissed.

For the sake of completeness, Defendants note that the MCA applies where the following two criteria are satisfied: (1) the employer is a "motor carrier" as defined within the MCA (49 U.S.C.S. § 31502), and (2) an employee is engaged in "activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA]" (29 C.F.R. § 782.2(a)); *Serebryakov v. Lokeko Inc.*, 12 Civ. 3990, 2016 U.S. Dist. LEXIS 126569, *8 (E.D.N.Y. Sept. 16, 2016). Here, Plaintiffs undisputedly satisfy both criteria.

First, a "motor carrier" is defined as "a person providing commercial motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). A "commercial motor vehicle," in turn, is defined, in pertinent part, as a "vehicle used on the highways in interstate commerce to transport passengers or property" that either "has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds" or "is designed or used to transport more than 8 passengers (including the driver) for compensation." 49 U.S.C. § 31132(1); 49 C.F.R. § 390.5. Defendants indisputably provide "commercial motor vehicle transportation services for compensation" by transporting passengers between and among different states. 56.1 Statement ¶ 2;[7] Ma Decl. ¶¶ 3, 4. Furthermore, all of Defendants' vehicles are "commercial motor vehicles" in that they are used on the highways for the interstate transport of passengers, have gross vehicle weights in excess of 10,001 pounds, and are designed to transport more than eight (8) passengers, including the driver. 56.1 Statement ¶¶ 2, 4-6; Ma Decl. ¶ 8.

Second, as self-described "commercial bus drivers" for New Sun, Plaintiffs' duties affect motor vehicle safety and Plaintiffs perform their work in interstate commerce. Cmpl. ¶¶ 19-21; Ma Decl. ¶ 9; *see also Morris v. McComb*, 332 U.S. 422, 430 (1947).

**III.**

**UPON DISMISSAL OF PLAINTIFFS' FLSA CLAIMS, THE COURT SHOULD DISMISS PLAINTIFFS' NYLL CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

Upon the dismissal of Plaintiffs' FLSA claims, Plaintiffs' remaining causes of action under the NYLL should be dismissed as well. "[W]here the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1997). Here, the only basis for this Court's jurisdiction is Plaintiffs' FLSA claims.

[7] Plaintiffs not only failed to file 56.1 Counterstatement to dispute these allegations, but the Complaint itself alleges that Defendant is a "motor carrier," and that Plaintiffs were employed by Defendants as "commercial bus drivers." Cmpl. ¶¶ 10, 19-21.

For this reason, during the pre-motion conference held on November 10, 2016, the Court already stated that it would not exercise supplemental jurisdiction if Defendants were found to be exempt from the overtime requirements under the motor carrier exemption:

> Court: So you do have a meeting scheduled with Judge Tiscione right after this, doesn't it seem to be a better use of everybody's time to try to work it out? Because I can tell you, if you come in second on the motor carrier question, I am not going to exercise supplemental jurisdiction.

Donnelly Tr. 2:22-3:4.

Accordingly, given that Defendants have now established their entitlement to summary judgment on Plaintiffs' federal claims, the Court should also dismiss Plaintiffs' state law claims. *See Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 221 (2d Cir. 2002) (dismissed federal claims and declined to exercise supplemental jurisdiction over remaining state law claims where defendant satisfied motor carrier exemption); *see also Krumholz v. Vill. of Northport*, 873 F. Supp. 2d 481, 492-493 (E.D.N.Y. 2012) (declined to exercise supplemental jurisdiction over state law claims where federal claims dismissed because employer was exempt from the FLSA); *Walden v. Sanitation Salvage Corp.*, 14 Civ. 7759, 2016 U.S. Dist. LEXIS 172488, *12-15 (S.D.N.Y. Dec. 13, 2016) (dismissed remaining NYLL claims and declined to exercise supplemental jurisdiction when federal claims dismissed because of motor carrier exemption); *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 461 (S.D.N.Y. 2014) (dismissed remaining NYLL claim where defendant satisfied a FLSA exemption).

Otherwise, New Sun and this Court would be forced to suffer the unnecessary burden of litigating an action based entirely on state law claims in federal court. On the other hand, if this Court dismisses Plaintiffs' state law claims, Plaintiffs can easily bring this action in state court, the appropriate forum for this dispute.

**CONCLUSION**

For the foregoing reasons, Defendants request that this Court grant this Motion in full and dismiss the Complaint in its entirety.

Dated: New York, New York
January 17, 2017

________/S/_______________

Andrew J. Urgenson, Esq.
OVED & OVED LLP
*Attorneys for Defendants*
401 Greenwich Street
New York, NY 10013
Tel: 212.226.2376