FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  AUG 0 2 2017  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

XIN LIN XIE, ROCK XU, QI XING WANG,
*individually and on behalf of all other employees similarly situated*,

                    Plaintiffs,

          – against –

NEW SUN INTERNATIONAL TRAVEL LLC
and WEI RONG MA,

                    Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

16-CV-752 (AMD) (ST)

**ANN M. DONNELLY**, District Judge.

The plaintiffs, Xin Lin Xie, Rock Xu, Qi Xing Wang, bring this class action against New Sun International Travel LLC and its owner, Wei Rong Ma, to recover unpaid minimum wage, overtime, and related damages under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law, § 650 *et seq.* The defendants move for summary judgment. For the reasons stated below, the defendants' motion is granted.

## BACKGROUND

The factual background of this case is limited. The defendants are a commercial bus company that transports passengers between several U.S. states, including New York, New Jersey, New Hampshire, Vermont, Pennsylvania, and Washington D.C., and Canada. (Defs.' 56.1 Statement ¶¶ 3-4; Pls.' 56.1 Counterstatement ¶¶ 3-4.) The plaintiffs were commercial bus drivers employed by the defendants. (Compl. ¶¶ 7-9.) The parties agree that Xie worked for the

1

defendants between July 6, 2013 and May 23, 2014; Xu worked between April of 2013 and October 15, 2015; and Wang worked between September 17, 2014 and February 27, 2015. (*Id.*) During the entire time that the plaintiffs worked for the defendants, the federal minimum wage was $7.25 per hour. (*See* 29 U.S.C. § 206(a)(1).)

According to the defendants, they paid the plaintiffs above minimum wage at all times. Citing to the plaintiffs' paystubs, the defendants claim that the plaintiffs received a regular rate of $12.00 per hour, and an overtime rate of $18.00 per hour. (Ma Decl. ¶ 12.) The plaintiffs, on the other hand, argue that they were paid not by the hour, but per route driven, which was below the minimum wage. The plaintiffs do not dispute the fact that the paystubs accurately reflect the *amount* they were paid each pay period. (Pls.' Opp. at 2.) However, the plaintiffs claim that the *hours* represented on their paystubs were manufactured and do not accurately reflect the hours that they worked. (Xu Decl. ¶ 3.) Moreover, the plaintiffs argue that the paystubs are unreliable because they conflict with the payroll records and because the time worked falls exactly on the hour, which is unrealistic because the plaintiffs did not finish each work day at a set time. (See Xu Decl. ¶ 4; Pls.' Opp. at 3.)

Presumably, the plaintiffs are arguing that they worked more hours than reflected on their paystubs, and therefore, were paid below the minimum wage. But discovery is closed, and the plaintiffs do not offer their own estimate of the hours that they worked. The plaintiffs' attached an estimate of hours they worked to their initial disclosures, but they now claim that the estimate is inadmissible because it was for "settlement purposes only." (Pls.' Ex. A.) The defendants, however, argue that the plaintiffs' estimate is admissible and proves that the plaintiffs were paid above minimum wage. According to the defendants, if the undisputed salary reflected on the

2

paystubs is divided by the plaintiffs' estimated hours worked, the hourly rate each plaintiff was paid is above the minimum wage.

## DISCUSSION

The defendants move for summary judgment on the plaintiffs' unpaid overtime and unpaid minimum wage claims under the FLSA. The defendants also move to dismiss the state law claims under the NYLL. In their opposition brief, the plaintiffs concede that New Sun International Travel LLC is a "motor carrier" within the meaning of 29 U.S.C. § 213(b)(1), and therefore, exempt from the overtime requirements of the FLSA. Accordingly, I grant summary judgment on the unpaid overtime claim under the FLSA, and will consider only the remaining claims. *See Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.")

### 1. Standard

Summary judgment is appropriate only if the parties' submissions show that there is "no genuine dispute as to any material fact," and therefore, the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The movant has the "burden of showing the absence of any genuine dispute as to a material fact." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997). "Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "The non-moving party 'may not rely on mere conclusory allegations nor speculation, but instead must

offer some hard evidence showing that [their] version of the events is not wholly fanciful.'" *Id.* (quoting *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998)). The court, however, is to resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010).

### 2. Minimum Wage

It is undisputed that the defendants were obligated to pay the plaintiffs the statutory minimum wage under the FLSA. 29 U.S.C. § 206(a). To show a federal minimum wage violation, "an employee must show that her *weekly* pay divided by the number of hours she worked in that week yielded an hourly rate for the whole week that was lower than the statutory minimum wage." *See Monger v. Cactus Salon & SPA's LLC*, No. 08-cv-1817, 2009 WL 1916386, at *1 (E.D.N.Y. July 6, 2009) (citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir.1960) (The FLSA's "purpose is accomplished so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.")).

The defendants argue that they paid the plaintiffs above the federal minimum wage. As evidence, the defendants point to the plaintiffs' paystubs and the plaintiffs' estimate of hours worked, which was attached to their initial disclosures. In response, the plaintiffs argue that a question of fact exists as to whether they were paid above the minimum wage because the hours reflected in the paystubs are inaccurate and because their hours estimates in the initial disclosures are inadmissible. I do not need to reach the question of whether the plaintiffs' estimates are admissible at this time. Because I find that the plaintiffs have proffered no evidence that they were compensated below the minimum wage, the defendants motion is granted.

In situations where an employer's records of its employees' hours and pay are inaccurate or inadequate, as the plaintiffs claim here, "an employee has carried out his burden if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 379 (E.D.N.Y. 2012) (internal quotation marks omitted). "As courts have found, a plaintiff can meet this burden 'by relying on recollection alone.'" *Id.* (citing *Santillan v. Henao,* 822 F.Supp.2d 284, 294 (E.D.N.Y.2011)). If the plaintiff meets this burden, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 118 (S.D.N.Y. 2009) (internal quotation marks omitted).

The plaintiffs have not offered *any* evidence of minimum wage violations: they did not submit any affidavits, deposition testimony, or other evidence in which they even tried to estimate the hours per week that they worked or amount that they were underpaid. *Cf. Jemine v. Dennis*, 901 F. Supp. 2d 365, 377 (E.D.N.Y. 2012) (denying summary judgment where the plaintiffs "each submitted a sworn declaration containing information as to rates of pay and estimates of hours worked based on their recollection."). The plaintiffs cannot defeat summary judgment by relying on "mere conclusory allegations" that the defendants violated the FLSA. Where, as here, the plaintiffs "fail to adduce any evidence regarding the hours worked or the compensation paid . . . [the] plaintiffs fail to meet their initial burden," and summary judgment is appropriate. *See Berrios*, 849 F. Supp. 2d at 385; *see also Garcia v. La Revise Assocs. LLC*, No. 08-cv 9356, 2011 WL 135009, at *9 (S.D.N.Y. Jan. 13, 2011) ("Plaintiffs have proffered no evidence showing that any employee incurred uniform cleaning expenses or that any such expenses would have reduced

5

such employee's compensation below the statutory minimum wage rate, Summary judgment will therefore be granted in Defendants' favor as to Plaintiffs' claim based on failure to reimburse for uniform cleaning"); *Kolesnikow*, 622 F. Supp. 2d at 118 (granting summary judgment where the plaintiff had not offered the "concrete particulars" that she was paid in violation of the FLSA). Accordingly, the defendants motion for summary judgment on the minimum wage claim is granted.

### 3. State Law Claims

Having granted summary judgment on the plaintiffs' federal claims under the FLSA, the only remaining claims are the plaintiffs' state law claims under the NYLL. "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction'" over the remaining state law claims. *Birch v. Pioneer Credit Recovery, Inc.,* No. 06–CV6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.,* 784 F.2d 44, 53 (2d Cir.1986)). Therefore, the Court, in its discretion, "decline[s] to exercise supplemental jurisdiction" over plaintiffs' state law claim because "it has dismissed all claims over which it has original jurisdiction." *Kolari v. N.Y.-Presbyterian Hosp.,* 455 F.3d 118, 122 (2d Cir. 2006); *Krumholz v. Vill. of Northport*, 873 F. Supp. 2d 481, 492 (E.D.N.Y. 2012) ("[H]aving determined that plaintiff's federal claim against the defendant does not survive the defendant's motion for summary judgment, the Court concludes that retaining jurisdiction over any of the remaining state law claims is unwarranted.").

### CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is granted. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

                                                                       s/ AMD

                                                     Ann M. Donnelly
                                                     United States District Judge

Dated: Brooklyn, New York
August 2, 2017